UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEVEN CAMACHO, LATEE BAKER,
and KATINA MURRAY
on behalf of themselves and all other
employees similarly situated,
                and
STEVEN CAMACHO, LATEE BAKER and
CARA PASCUCCI, individually

                          Plaintiffs,

v.

**CLASS ACTION
AND COLLECTIVE
ACTION
COMPLAINT AND
DEMAND FOR
JURY TRIAL**

RAJUMAANAR ENTERPRISES CORP.,
(d/b/a Perkins Restaurant & Bakery) and SUNNY
KHAN, individually

                         Defendants

17-CV-_____
 Case No.: 3:17-CV-1181 (FJS/DEP)

Steven Camacho, Latee Baker, Katina Murray and Cara Pascucci (hereinafter "Named Plaintiffs," "Class Representatives" and/or Individual Plaintiffs) by their attorney, Stan Matusz, Esq., allege and aver as follows:

## NATURE OF CLAIMS

1. This is a proceeding for declaratory relief and monetary damages to: redress the deprivation of rights secured to the Named Plaintiffs individually, and on behalf of all other employees similarly situated, under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and under the New York Labor Law ("NYLL"), for failure to pay promised wages and overtime to Named Plaintiffs, individually, as well

as other current and former employees of Defendants who are similarly situated.

## JURISDICTION & VENUE

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under 28 U.S.C § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and 29 U.S.C. § 216(b).

3. This Court's pendant jurisdiction of claims arising under the New York State Labor Law is also invoked under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in the Northern District of New York since the allegations arose in the District, Defendants do business within this District, Defendants employed the Named Plaintiffs in this District, the Named Plaintiffs and the Defendants reside in this District, and the Defendants are subject to personal jurisdiction in this District.

## PARTIES

5.  Defendant, Rajumaanar Enterprises Corporation, is a New York Company with an office located at 753 Foster Valley Road, Owego, NY 13827. Defendant owns and operates a Perkins Restaurant franchise located at 7662 NY-434, Apalachin, New York 13731, in the Northern District of New York.   The Defendant engages in a business that employs Named Plaintiffs and other Class Members.

6.  Defendant, Sunny Khan, is the General Manager of the Perkins Restaurant franchise located at 7662 NY-434, Apalachin, New York 13731, in the Northern District of New York.  The Defendant engages in a business that employs Named Plaintiffs and other Class Members.

7.  At all times relevant to this action, Defendants employed the Named Plaintiffs and those similarly situated within 29 U.S.C. § 203(d) and comprised an "enterprise" engaged in interstate commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and (s).

8.  At all relevant times, Named Plaintiffs were employees of Defendants under the FLSA and NYLL.

9.  Named Plaintiff Steven Camacho is a resident of the State of New York, residing at 203 O'Dell Avenue, Endicott, NY 13760.  Mr. Camacho was employed by Defendants as a line cook from approximately July 21, 2017 through September 22, 2017.  Defendants failed to compensate Ms. Camacho for all hours worked, both regular and overtime.

10. Named Plaintiff Latee Baker is a resident of the State of New York, residing at 203 O'Dell Avenue, Endicott, NY 13760. Mr. Baker was employed by Defendants as a prep cook and dishwasher from approximately July 21, 2017 to October 4, 2017. Defendants failed to compensate Mr. Baker for all hours worked, both regular and overtime.

11. Named Plaintiff Katina Murray is a resident of the State of New York, residing at 12 Lincoln Avenue, Endicott, NY 13760. Ms. Murray was employed by Defendants from approximately August 12, 2017 through September 18, 2017. Defendants failed to compensate Ms. Murray for all hours worked, both regular and overtime.

12. The Class Members are those employees similarly situated to Named Plaintiffs.

## FACTUAL BACKGROUND

13. Named Plaintiffs and Class Members were employed by Defendants in Apalachin, New York at a Perkins Restaurant that was opened in July of 2017.

14. Throughout their tenures, Named Plaintiffs and Class Members worked hours for which they were not paid, including hours worked in excess of forty (40) in a week.

15. Named Plaintiffs and Class Members were required to perform work to meet Defendant's goals and to complete their required job duties. When they arrived at work, Named Plaintiffs and Class Members were required to sign into an electronic time clock.

16. The electronic time clock was connected to a computer program that reported the hours worked and clock-in times for payroll purposes. However, instead of using the actual hours recorded on the electronic timeclock, General Manager, Sunny Khan, electronically altered Named Plaintiffs' and Class Members' time entries.  Specifically, Sunny Khan: (a) falsified the clock-in time when Named Plaintiffs and Class Members arrived for their shift, making it appear that they started work later; (b) falsified the clock-out time at the end of their shift, making it appear that Named Plaintiffs and Class Members ended the work day earlier; and (c). deducted breaks when Named Plaintiffs and Class Members had worked through their lunch and/or taken no break.

17. An electronic trail shows the pervasiveness of Defendant's falsification of employee time entries.

18. Individual employees personally witnessed Mr. Kahn altering time entries.

19. The net effect of these policies was that Defendants systematically deleted compensable time under both the FLSA and NYLL, depriving Named Plaintiffs and Class Members of regular and overtime pay for all hours worked.

20. A few Named Plaintiffs and Class Members noticed that their pay was not corresponding to their hours worked and complained directly and repeatedly to the General Manager (Sunny Khan), and Defendant's President and principal shareholder, Beth Ann Smith.

21. In addition to falsifying time and wager theft, there were also recent occasions when Defendants actually paid Named Plaintiffs and Class Members with personal checks, rather than payroll checks.

22. On several recent occasions, payroll checks that Defendants provided to its employees were returned due to insufficient funds.

23. Finally, there were multiple occasions where Defendants gave employees their checks but instructed them to not cash or deposit them immediately.

24. The uncompensated activities performed by Named Plaintiffs and Class Members include, but are not limited to: cook, line cook, dishwashers, prepping, bakers, kitchen manager, hostess, food service and manager. All the time spent performing these tasks was compensable time under both the FLSA and New York Labor Law.

25. As a net result of these policies, Named Plaintiffs and Class Members were not paid for all compensable work on a daily basis throughout the duration of their employment.

26. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants falsified and reduced Named Plaintiff Camacho's actual work hours:

- Pay period ending 8/27/17:  Mr. Camacho worked 48 hours, but was only paid for 40.64 hours.  He was deprived of 7.36 overtime hours at $16.50 per hour (which equals $121.44 in stolen wages);

- Pay period ending 9/3/17:  Mr. Camacho worked 48 hours, but was only paid for 43.97 hours.  He was deprived of 4.03 overtime hours at $16.50 per hour (which equals $66.50 in stolen wages);

- Pay period ending 9/17/17:  Mr. Camacho worked 23.5 hours, but was only paid for 0 hours.  He was deprived of 23.5 straight time hours at $11.00 per hour (which equals $258.50 in stolen wages).

27. As a representative example, and without limitation, the following are specific examples of pay periods where Defendants falsified and reduced Named Plaintiff Latee Baker's actual work hours:

- Pay period ending 8/27/17: Mr. Baker worked 50 hours, but was only paid for 35.42 hours.  He was deprived of 4.58 straight time hours at $9.75 per hour (which equals $44.66 in stolen wages) plus 10.0 overtime hours at $14.63 per hour (which equals $146.30 in stolen wages);

- Pay period ending 9/3/17: Mr. Baker worked 50 hours, but was only paid for 40.38 hours.  He was deprived of 9.62 overtime hours at $14.63 per hour (which equals $140.74 in stolen wages);

- Pay period ending 9/10/17: Mr. Baker worked 50 hours, but was only paid for 42.93 hours.  He was deprived of 7.07 overtime hours at $14.63 per hour (which equals $103.43 in stolen wages);

- Pay period ending 101/17: Mr. Baker worked 50 hours, but was only paid for 22.61 hours.  He was deprived of 17.39 straight time hours at $11.00 per hour (which equals $191.29 in stolen wages) plus 10.0 overtime hours at $16.50 per hour (which equals $165.00 in stolen wages).

28. As a representative example, and without limitation, the following are specific examples of pay periods where Defendant falsified and reduced Named Plaintiff Murray's actual work hours:

- Pay period 9/3/17: Ms. Murray worked 45 hours, but was only paid for 34.92 hours.  She was deprived of 5.08 straight time hours at $11.00 per hour (which equals $55.88 in stolen wages) plus 5.0 overtime hours at $16.50 per hours (which equals $82.50 in stolen wages);

- Pay period 9/10/17: Ms. Murray worked 20 hours, but was only paid for 16.64 hours.  She was deprived of 3.36 straight time hours at $11.00 per hour (which equals $36.96 in stolen wages);

## WILFULNESS UNDER THE FLSA & NYLL

29. Defendants willfully deprived Named Plaintiffs and Class Members of wages for all the hours they were working.

30. Named Plaintiffs Camacho, Baker, Murray and other employees confronted General Manager, Sunny Khan, about the wage theft. Defendants' former Manager, Heather Jewitt, also had multiple conversations with General Manager Kahn confronting him about wage theft. Jewitt also reported information to Ms. Smith, Defendant's President and principal shareholder, regarding the widespread wage theft that was occurring.

31. Despite these repeated complaints, Defendants continued to engage in blatant wage theft.

32. Defendants' actions constitute blatant and willful violations of both the FLSA and NYLL, pursuant to 29 U.S.C. § 255(a) and NYLL Article 19 §§ 650, *et seq.,* rendering them liable for an additional award of liquidated equal to 100% of the sum of the amount of wages and overtime which were not paid to the Named Plaintiffs, Members of the Class and Collective Action Members.

33. Defendants' policies ensure that they do not pay regular and overtime pay to its employees according to state and federal law. These policies apply to all similarly situated employees of Defendants, and have been in effect since the business started in July of 2017.

## JOINT AND SEVERAL LIABILITY UNDER N.Y. BUSINESS CORPORATIONS LAW SECTION 630

34. Pursuant to N.Y. Business Corporations Law § 630, the ten largest shareholders of Rajumaanar Enterprises Corp., are, jointly and severally, personally liable for all debts, wages or salaries due and owing to any of its laborers, servants or employees other than contractors, for services performed by them Rajumaanar Enterprises Corp.

35. The filing of this Complaint, and service of the same upon Defendant, constitutes written notification that personal liability against the ten largest shareholders of Rajummanar Enterprises Corp. will be pursued under Section 630 of the N.Y. Business Corporations Law.

## INDIVIDUAL LIABILITY UNDER FAIR LABOR STANDARDS ACT AND NEW YOK LABOR LAW - GENERAL MANAGER, SUNNY KHAN

36. Sunny Khan, General Manager for Rajumaanar Enterprises Corp, had the authority to: hire and fire employees, dictated how often and when they would appear on Defendant's work schedule, and make alterations to employees' hours and paychecks, indiscriminately.

37. Sunny Khan had actual control over Defendant's actual operations that directly affected the nature and conditions of Defendant's employees.

38. Based on his actual control and authority, Defendant Sunny Khan is an "employer" for purposes of the FLSA and NYLL, and subject to individual liability under both statutes.

## CLASS ACTION ALLEGATIONS UNDER NEW YORK LABOR LAW

39. The claims arising under the NYLL are properly maintainable as a class action under Federal Rule of Civil Procedure 23 ("Rule 23") under subsections (1), (2), and (3).

40. The Class (hereinafter referred to as those individuals "similarly situated" or "class members") is defined as those current and former, non-exempt, full and part-time employees of Defendant employed since July 2017 in Apalachin, New York, who were not paid for all hours suffered or permitted to work, including overtime pay for hours worked more than forty (40). The job functions covered included, but are not limited to: cook, line cook, dishwasher, hostess, prep cook, baker, and food service.

41. Upon information and belief, the Class size is over sixty (60) current and former employees, which makes the Class so numerous that joinder of all members is impracticable.

42. The Named Plaintiffs will adequately represent the interests of the Class Members because they are similarly situated to the Class Members, their claims are typical of, and concurrent to, the claims of the other Class Members, and there are no known conflicts of interest between the Named Plaintiffs and the other Class Members.

43. The Class Counsel, Stan Matusz, Esq., is qualified and able to litigate the Class Members' claims. Class Counsel concentrates his practice in employment litigation and specializes in the prosecution of class and collective action litigation for violations of the FLSA and NYLL.

10

44. Common questions of law and fact predominate in this action because the claims of all the Class Members are based on whether Defendant, by falsifying its employees' time entries, failed to properly pay overtime and straight time to non-exempt employees for all hours worked in violation of the NYLL.

45. The Class is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the Class Members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. The Class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual Class Members would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for Defendant.

## AS AND FOR A FIRST CLAIM: FAIR LABOR STANDARDS ACT

47. Named Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

48. Defendant's policies were applied to all similarly situated employees of Defendants in Apalachin, New York. Accordingly, this action is maintainable as an FLSA Collective Action, pursuant to 29 U.S.C. § 201, et seq.

49. Defendant willfully violated its obligations under the FLSA and is liable to Named Plaintiffs and those similarly situated.

11

## AS AND FOR A SECOND CLAIM:  NEW YORK LABOR LAW CLASS ACTION

50. Named Plaintiffs and Class Members reallege the above paragraphs as if fully restated herein.

51. Defendant willfully violated its obligations under the NYLL and is liable to Named Plaintiffs and those similarly situated.

52. As a result, Defendant has violated, and continues to violate, NYLL Article 19 § 650, et seq., and the supporting New York State Department of Labor Regulations.

53. Due to Defendant's violations of the NYLL, Named Plaintiffs and Class Members are entitled to recover compensation for unpaid wages, compensation for overtime wages, an additional amount as liquidated damages, and reasonable attorneys' fees, costs and disbursements of this action, pursuant to NYLL 19 § 663.

## INDIVIDUAL RETALIATION CLAIMS UNDER FAIR LABOR STANDARDS ACT & NEW YORK LABOR LAW: PLAINTIFFS CAMACHO, BAKER &  PASCUCCI

### A. Plaintiff Steven Camacho

54. Steven Camacho was hired by Defendant in July 2017.  On September 18, 2017, Mr. Camacho complained to General Manager Sunny Khan that Defendant was altering his work hours and that he was being shortchanged of his wages in his paychecks.

55. On September 22, 2017, just days after making his complaint, Mr. Camacho was terminated by Defendant under circumstances giving rise to an inference of retaliation.

56. According to Defendant, Mr. Camacho was allegedly being terminated for kissing a fellow female coworker on the neck.  However, no investigation was done of the alleged incident, and nothing was said to Mr. Camacho about this allegation prior to his termination.  Indeed, according to Defendant's Manager at the time, the incident allegedly occurred three weeks prior to his termination.

57. Significantly, on September 21, 2017, just days after Mr. Camacho complained of wage theft, General Manager Sunny Khan approached a female waitress and asked her to sign a statement indicating that Mr. Camacho had kissed her on this neck.  Defendant Khan solicited this statement just three (3) days after Mr. Camacho had complained that Khan had shorted his pay check, and one day before he was terminated.

58. When he was told the reason for his termination, Mr. Camacho demanded that Defendant Khan review Defendant's on-site video cameras which would confirm that he had not kissed anyone at work.  Defendant Khan refused to do so.

59. Mr. Camacho had been an exemplary employee of Defendant.  The explanation given for his discharge was a pretext to cover up the actual reason for his termination: his complaint about Defendants' blatant wage theft.

**B. Plaintiff Latee Baker**

60. Latee Baker was an exemplary employee of the Defendant who was hired in July 2017 when the restaurant first opened.

61. Plaintiff Baker was keeping track of his actual work hours on his phone and began to see that Defendant was shorting his paychecks by a substantial number of hours each week.

62. In the last week of September, Mr. Baker complained directly to Defendant's General Manager, Sunny Khan.   he complained that his paychecks were missing hours.  Khan responded: *"If you work more than forty (40) hours, I'm not paying you overtime."* Mr. Baker responded: *"But I've worked the overtime."*   Khan then repeated his prior statement. Baker, in fact, was not paid for the actual hours he worked.

63. On October 2, 2017, Mr. Baker received his paycheck for the week and he was again shorted in his hours and pay.  Later that same day, Mr. Baker's girlfriend, Lysette Camacho, called the restaurant to complain.  She asked to speak with Defendant Khan.  Mr. Khan did not return her call.  Instead, he instructed manager, Heather Jewitt, to return the phone call.  During the call with Ms. Jewitt, Plaintiff Baker's girlfriend complained about the wage theft and threatened legal action.  Ms. Jewitt relayed the substance of the Complaint to Defendant Khan.

64. The next day, on October 3, 2017, Defendant Khan, walked up to Mr. Baker at work and asked: *"Are you getting a lawyer involved?"* Mr. Baker responded: *"That is not your business."*

65. On October 4, 2017, Defendant Khan sent Latee Baker home early form work with no explanation.  Since that date, Mr. Baker has not been put on

Defendant's work schedule.   Plaintiff Baker was effectively terminated in blatant retaliation for complaining of wage theft.

66. When Defendant Khan instructed Defendant's Manager, Heather Jewitt, to no longer put Mr. Baker on Defendant's work schedule, Ms. Jewitt said: *"You can't fire him [Baker] because he's asking for help on his paycheck. That's illegal."*

### C. Plaintiff Cara Pascucci

67. Cara Pascucci is a resident of the State of New York residing at 641 Glendale Drive, Endicott, NY 13760.

68. Ms. Pascucci was hired by Defendant as a server when they opened the Perkins restaurant in late July 2017.   From the date of her hire until the time of her termination, she received consistent praise for her work.

69. On Saturday, October 14, 2017, Ms. Pascucci had a conversation with General Manager, Sunny Khan.   In the course of the conversation, Pascucci confronted Defendant Kahn about his theft of wages.   She said: *"You are not paying people right; you're taking money from them."*   When Defendant Khan feigned ignorance about what she meant, Ms. Pascucci said: *"You are not paying people right; they are pissed and going to the Labor Board."*   When Defendant Khan asked her who she was referring to, she said: *"Darlene" (a server), "Penny" and "Macho" (Steven Camacho).*

70. Immediately after Ms. Pascucci stated the above, Defendant Khan said: *"Well, I have no hours for you."*   Ms. Pascucci was confused and

responded: *"What do you mean? I'm on the schedule for tomorrow."* Khan then responded: *"Don't come in."*

71. Since this conversation with Defendant Khan on Saturday, October 14th, Ms. Pascucci has not been put on the schedule, effectively ending her employment with Defendant in blatant retaliation for her confronting the General Manager about wage theft.

## AS AND FOR A THIRD CLAIM - FLSA RETALIATION: INDIVIDUAL PLAINTIFFS CAMACHO, BAKER AND PASCUCCI

72. Plaintiffs reallege the above paragraphs as if fully restated herein.

73. Under the FLSA, it is *"unlawful for any person...to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA]..."* 29 U.S.C. § 215(a)(3).

74. Plaintiffs Camacho, Baker and Pascucci engaged in protected activity under the FLSA by filing a complaint with their employer. Defendants then retaliated against them for exercising those rights by firing them.

75. As a direct and proximate result of the unlawful retaliatory conduct in violation of the FLSA, Mr. Camacho, Mr. Baker and Ms. Pascucci have suffered economic harm for which they are entitled to back pay, reinstatement and/or front pay, and other relief.

76. As a direct and proximate result of the unlawful discriminatory conduct in violation of the FLSA, Ms. Camacho, Mr. Baker and Ms. Pascucci have suffered and continue to suffer mental anguish and emotional distress,

including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which they are entitled to monetary damages and other relief.

77. The foregoing conduct of Defendants constitutes willful violations of the FLSA for which Plaintiffs Baker, Camacho and Pascucci are entitled to an additional amount as *liquidated* damages.

78. The foregoing conduct of Defendants constitutes willful violations of the FLSA for which Plaintiffs Bake, Camacho and Pascucci are entitled to an additional amount as *punitive* damages.

79. Plaintiffs are also entitled to reasonable attorneys' fees, costs and disbursements of this action, and further legal and equitable relief as may be appropriate under the FLSA.

## AS AND FOR A FOURTH CLAIM - RETALIATION UNDER THE NYLL: INDIVIDUAL PLAINTIFFS CAMACHO, BAKER AND PASCUCCI

80. Plaintiffs reallege the above paragraphs as if fully restated herein.

81. The New York Labor *"prohibits an employer from discharging, penalizing or in any other manner retaliating against an employee because such employee has made a complaint to his or her employer … that the employer has violated any provision of … the Labor Law."* NYLL Article 19 § 215.

82. Named Plaintiffs Camacho, Baker and Pascucci engaged in protected activity by complaining about the falsification of hours and deprivation of pay. Defendants discharged them because of that protected activity. As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYLL, Plaintiffs Baker, Camacho and Ms. Pascucci suffered economic harm for which they are entitled to back pay, reinstatement and/or front pay, and other relief.

83. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYLL, Plaintiffs Baker, Camacho and Pascucci suffered, and continue to suffer, mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which they are entitled to monetary damages and other relief.

84. The foregoing conduct of Defendants constitutes willful violations of the NYLL for which Plaintiffs Baker, Camacho and Pascucci are entitled to an additional amount as *liquidated* damages.

85. The foregoing conduct of Defendants constitutes willful violations of the NYLL for which Plaintiffs Baker, Camacho and Pascucci are entitled to an additional amount as *punitive* damages.

86. Plaintiffs Baker, Camacho and Pascucci are also entitled to reasonable attorneys' fees, costs and disbursements of this action, and further legal and equitable relief as may be appropriate under the NYLL.

## TRIAL BY JURY

87. Named Plaintiffs demand a trial by jury on all claims properly triable by a jury.

**WHEREFORE**, the Named Plaintiffs respectfully request that upon trial this Court enter judgment against Defendants in favor of themselves and those similarly-situated, and that they and those similarly situated be given the following relief:

A. An order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

B. An award of the value of Plaintiffs' unpaid wages, overtime and fringe benefits to Named Plaintiffs, Collective Action members, and members of the NYLL Class;

C. An award of liquidated damages under the FLSA equal to 100% of the sum of the amount of the wages and overtime which were not properly paid to the Named Plaintiffs and Collective Action Members;

D. An award of liquidated damages under the NYLL equal to 100% of the sum of the amount of wages and overtime which were not properly paid to Named Plaintiffs and members of the NYLL Class.

E. An award of reasonable attorneys' fees, expenses, expert fees, disbursements and costs incurred in vindicating the rights of Named Plaintiffs and those similarly-situated.

F. An award of pre and post judgment interest;

G. Granting such additional relief as this Court deems just and proper.

**WHEREFORE**, Individual Plaintiffs Baker, Camacho and Pascucci respectfully request that, upon trial, this Court enter judgment against Defendants in favor of themselves and that they be given the following relief:

H. An award of reinstatement or front;

I. An award of compensatory;

J. An award of liquidated damages;

K. An award of punitive damages;

L. An award of reasonable attorneys' fees, expenses, expert fees, disbursements and costs incurred in vindicating the rights of Plaintiffs Baker, Camacho and Pascucci;

M. An award of pre and post judgment interest;

N. Granting such additional relief as this Court deems just and proper.

Dated:     Ithaca, New York
           October 17, 2017

/s/Stan Matusz
Stan Matusz, Esq.
Bar Roll # 520502
*Attorney for Class*
29 Murfield Drive
Ithaca, NY 14850
Telephone: 607-319-5513
stanmatusz@gmail.com

232581 1623470.1